16-3652-cv
*N.B., et al. v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand seventeen.

PRESENT:   DENNY CHIN,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges*,
                    JANE A. RESTANI,
                            *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

N.B. and C.B., individually and on behalf of
H.B.,

                    *Plaintiffs-Appellants*,


          v.                                                                16-3652-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:     STEVEN GOLDSTEIN (H. Jeffrey Marcus, *on the brief*), Law Offices of H. Jeffrey Marcus, P.C., Williamsville, New York.

FOR DEFENDANT-APPELLEE:     DANIEL MATZA-BROWN (Fay Ng, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants N.B. and C.B., the parents of H.B., a child diagnosed with autism (the "Parents"), appeal a September 30, 2016 judgment of the district court entered pursuant to a September 29, 2016 opinion and order that granted summary judgment in favor of defendant-appellee the New York City Department of Education (the "Department"), denying reimbursement for H.B.'s private school tuition under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* The question presented is whether the Department offered H.B. a "free appropriate public education" ("FAPE") through an Individualized Education Program ("IEP"), as mandated by the IDEA. *Id.* § 1414(d).

It is undisputed that the IDEA required the Department to provide H.B. with a FAPE and that pursuant to this obligation it prepared an IEP for the 2012-13 school year in consultation with its own experts, the Parents, and H.B.'s private school

2

teachers. Unsatisfied with that IEP, the Parents re-enrolled H.B. in a private school that she had attended the previous year, one that specializes in educating children with autism. The Parents then commenced a state administrative proceeding before an Impartial Hearing Officer ("IHO"), seeking tuition reimbursement pursuant to 20 U.S.C. § 1412(a)(10)(C).

The IHO held a hearing over four days between December 21, 2012 to April 10, 2013. On January 23, 2015, the IHO found that any procedural defects in developing the IEP were *de minimis*, but that H.B. was denied a FAPE because the Department had failed to offer the IEP into evidence at the hearing. The IHO nonetheless found that the Parents lacked standing to seek tuition reimbursement because their contract with the private school was illusory.

Both the Department and the Parents appealed the IHO's ruling to a State Review Officer ("SRO"). On February 26, 2015, the SRO reversed the IHO, finding that the IEP was properly in evidence and the Parents had standing to seek tuition reimbursement. As to the merits of the dispute, the SRO determined that the IEP was sufficient and offered H.B. a FAPE. The SRO concluded, *inter alia*, that (1) none of the procedural defects the Parents identified had impeded their ability to participate in developing the IEP, (2) based on the information available at the time it was developed, the IEP adequately reflected H.B.'s levels of performance, her sensory needs, and the fact of her food allergies, (3) the IEP contained sufficient annual goals, (4) the proposed

3

classroom student to educator ratio was reasonable and could implement the IEP, and (5) the Parent's rejection of the assigned school site was based on impermissible speculation about the school's ability to implement the IEP. The SRO therefore concluded that the Department had offered H.B. a FAPE for the 2012-13 school year and no tuition reimbursement was required.

On June 24, 2015, the Parents filed a complaint in the district court, alleging that H.B. was denied a FAPE. The parties filed motions for summary judgment in December 2015 and January 2016. On September 29, 2016, the district court granted summary judgment in favor of the Department. The Parents timely appealed.

We review the district court's grant of summary judgment *de novo*. *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 385 (2d Cir. 2014). In reviewing the state administrative proceeding under the IDEA, however, we "engage in an independent, but circumscribed, review, 'more critical than clear-error review but well short of complete *de novo* review.'" *T.K. v. N.Y. C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016) (quoting *C.F. ex rel R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014)). Factual issues are decided based on the preponderance of the evidence, but state administrative proceedings must be given "due weight." *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 206 (1982); *see also* 20 U.S.C. § 1415(i)(2)(C)(iii). Reviewing courts "may not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'" *T.Y. ex rel.*

4

*T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (quoting *Rowley*, 458 U.S. at 206). When as here, "an IHO and SRO reach conflicting conclusions, '[w]e defer to the final decision of the state authorities,' that is, the SRO's decision." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012) (alteration in original) (quoting *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009)). Indeed, "a court must defer to the SRO's decision on matters requiring educational expertise unless it concludes that the decision was inadequately reasoned, in which case a better-reasoned IHO opinion may be considered instead." *Id.*; *accord M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 246 (2d Cir. 2012) (noting that it is appropriate to consider an IHO's decision "where the SRO rejects a more thorough and carefully considered decision of an IHO"). When seeking to overturn an SRO's decision, the Parents bear the burden of demonstrating that the decision was insufficiently reasoned or supported. *M.H.*, 685 F.3d at 225 n.3.

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). The "statute guarantees . . . an appropriate education, not one that provides everything that might be thought desirable by loving parents." *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 132 (2d Cir. 1998) (citation and internal quotation marks omitted). A school district meets its obligations to provide a FAPE by creating an IEP that is

5

developed in compliance with the IDEA's procedural and substantive requirements. *See Rowley*, 458 U.S. at 206-07. Accordingly, our review of the adequacy of an IEP proceeds in two steps. "First, we examine whether the state has complied with the procedures set forth in the IDEA" and applicable regulations. *T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) (per curiam). Second, we consider whether, substantively, the IEP is "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 999 (2017). As to this latter requirement, the IEP need not bring the child to grade-level achievement, but it must aspire to provide more than *de minimis* educational progress. *Id.* at 1000-01.

On appeal, the Parents raise no procedural objections and instead challenge the SRO's substantive conclusion that H.B. was offered a FAPE. The Parents principally argue the SRO's decision was insufficiently reasoned or supported for the following reasons: (1) the IEP was inappropriate because it did not expressly prescribe the method of instruction or goals established at H.B.'s private school ("DIR/Floortime") and (2) the student to teacher classroom ratio recommended in the IEP and school facility designated by the Department were not equipped to implement DIR/Floortime such that H.B. could make progress toward those goals.[1] The Parents further argue the "overall environment" at the designated school ("P369K") was inappropriate for H.B.

---

[1] The ratio recommended by the Department was "6:1+1," that is, a ratio of six students to one teacher and one paraprofessional.

and inconsistent with the IEP because it would subject her to an environment that would have been intolerable due to her severe autism and the school's inability to provide for her dietary needs. Accordingly, the Parents contend they are entitled to tuition reimbursement under 20 U.S.C. § 1412(a)(10)(C).

We are not persuaded. To the extent the Parents' challenges concern the substantive merits of the IEP's recommendations and P369K's ability to implement those recommendations, we must defer to the SRO's expertise and decision. *See R.E.*, 694 F.3d at 189. As to the Parents' first argument, we agree with the Parents and the district court that the IEP implicitly recommended the DIR/Floortime method by adopting the language and overall goals set by H.B.'s private school. We agree, however, that the SRO reasonably concluded that the IEP goals did not specifically mandate DIR/Floortime to achieve such goals, and instead reflected commonly used tenets of special education instruction, regardless of methodology employed. The SRO reasonably rejected the assertion that DIR/Floortime is the only means of achieving progress such that the IEP's failure to mandate DIR/Floortime amounts to a denial of a FAPE.

We also defer to the SRO's conclusion that the student to teacher ratio adopted by the IEP was sufficient to meet H.B.'s needs. Although H.B.'s private school instructors "strongly" believed a 8:1+3 student to educator ratio would be "more appropriate" for H.B. than the 6:1+1 ratio suggested by the Department, the record does

7

not support the Parents' assertion that the recommended 6:1+1 ratio could not actually implement the DIR/Floortime method for H.B. at P369K or otherwise provide H.B. with a different, yet, "appropriate" education, which is all that is mandated by the IDEA. *See Endrew F.*, 137 S. Ct. at 999 (noting that the issue is "whether the IEP is *reasonable*, not whether the court regards it as ideal"). To the contrary, the record demonstrates that the Department selected the 6:1+1 classroom because it was a "very structured, supported full-time special education setting . . . that ha[d] been developed by the Department to work on students' needs in the areas of academic development, cognitive development, social and emotional development, language skills . . . , and functionalized skills development." C. App. 18. These questions are "precisely the type[s] of issue[s] upon which the IDEA requires deference to the expertise of the administrative officers." *G.B. v. N.Y.C. Dep't of Educ.*, 145 F. Supp. 3d 230, 250 (S.D.N.Y. 2015) (quoting *Grim v. Rhineback Cent. Sch. Dist.*, 346 F.3d 377, 382 (2d Cir. 2003)).

As to the Parents' last argument, we agree with the SRO that the Parents' rejection of the designated school, P369K, was based on impermissible speculation about the school's overall environment and ability to implement the IEP. The Parents particularly challenge P369K's large size, noisy environment, and alleged inability to implement DIR/Floortime or accommodate H.B.'s allergies by warming her food or allowing her to eat in a classroom. Because H.B. never attended P369K, this is a prospective challenge and requires the Parents to demonstrate the school's inability to

8

provide the services as mandated by the IEP. *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 245 (2d Cir. 2016).

The specific challenges raised by the Parents are, however, outside the scope of what the IEP requires. In any event, the record indicates P369K was willing to make reasonable accommodations for HB's allergies, and the IEP adequately detailed her sensory needs even if the school lacked the "preferred" environment or sensory equipment. The record does not support the Parent's assertion that P369K was incapable of implementing the IEP or that the school would be unable to make additional accommodations should they prove necessary.

We find no reason to disregard the SRO's decision that "any deficiencies in the conduct of the May 2012 CSE meeting and the June 2012 IEP do not rise to the level of a denial of a FAPE, individually or taken as a whole." App. 11. Therefore, we affirm the SRO's -- and the district court's -- decision that the Parents are not entitled to reimbursement of H.B.'s private school tuition.

We have reviewed the Parents' remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9